IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   **v.**                               **Crim. Action No. 1:20-CR-27**
                                          **(Judge Kleeh)**

**RETA MAYS,**

      **Defendant.**

### ORDER

This matter is scheduled for a **Plea Hearing** on **Tuesday, July 14, 2020, at 2:00 P.M.** at the Clarksburg, West Virginia point of holding court. Currently, federal, state, county, and local public health authorities continue to advise public and private agencies to take necessary and appropriate precautions to reduce the possibility of exposure to COVID-19 and slow the spread of the disease. The plea agreement and Information in the above-referenced case is a matter of significant public interest and, until today, was sealed.

For reasons appearing to the Court, and to provide a platform by which members of the public may safely view or listen to the July 14, 2020, plea hearing without having to personally attend the hearing, the **PLEA HEARING** will be accessible via **Zoom video**

**conference** with an option to participate telephonically. The public may access the conference as follows:

**Option A (Link):**

https://www.zoomgov.com/j/1605980626?pwd=VTNWbnoxQVRTWk9aUmpNK1VwT2wxQT09

Meeting ID: 160 598 0626

Password: 677389

**Option B (Dial-In From Your Location):**

+1 669 254 5252 US (San Jose)

+1 646 828 7666 US (New York)

Meeting ID: 160 598 0626

Password: 677389

The authorization of remote access to the plea hearing via Zoom video or teleconference is limited and does not authorize more traditional forms of "broadcasting" court proceedings, such as livestreaming court hearings on the internet.[1] Persons granted

---

[1] In allowing the hearing to be accessed via video conferencing technology, the Court is mindful of the March 31, 2020, and April 2, 2020, memoranda from the Executive Committee of the Judicial Conference offering guidance for the use of video and teleconference technology to provide access to the public and the press in criminal proceedings. The Judicial Conference determined that Federal Rule of Criminal Procedure 53 does not prohibit the use of technology authorized by the "Coronavirus Aid, Relief, and Economic Security Act" ("CARES Act"), (P.L. 116-136, 134 Stat. 281), to provide access to the usual participants and observers of the criminal proceedings identified in the Act. This authorization includes not only defendants, lawyers, probation officers, and court personnel, but others who normally participate in or observe criminal proceedings including victims, family members, the public, and the press. The authorization for video or

access to the hearing are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.  A violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, and any other sanctions deemed necessary by the Court.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

**DATED:** July 14, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

teleconference access to criminal proceedings expires when the emergency declared under the CARES Act ends.