IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                     Crim. Action No. 1:20-CR-27
                                                  (Kleeh)

**RETA MAYS,**

    **Defendant.**

**<u>ORDER ACCEPTING DEFENDANT'S GUILTY PLEA AND FOR DETENTION</u>**

On July 13, 2020, an Information [Dkt. No. 12] was filed in this matter and a plea hearing was scheduled for July 14, 2020 [Dkt. No. 19]. On July 14, 2020, came the United States of America ("the Government") by its counsel, United States Attorney William J. Powell and Assistant United States Attorneys Jarod J. Douglas and Brandon S. Flower, and also came the Defendant, Reta Mays ("Mays"), in person and by counsel, David P. Hoose, Jay T. McCamic, and Brian J. Kornbrath, for a plea hearing.  After placing the Defendant under oath, the Court informed the Defendant that if she gave false answers to the Court's questions, her answers may later be used against her in a prosecution for perjury or false statement and increase her sentence in this case.

After the Court's inquiry and instruction, Defendant knowingly and voluntarily waived her right in open court to

1

prosecution by Indictment and consented that the proceeding may be by Information instead of by Indictment.

The Court **ORDERED** the waiver filed.

The Court confirmed with Defendant Mays her intention to enter a guilty plea to the eight charges contained in the Information, which include: Count 1 through Count 7, Second Degree Murder of Robert Edge, Sr., Robert Kozul, Archie Edgell, George Shaw, W.A.H., Felix McDermott, and Raymond Golden, in violation of Title 18, United States Code, Section 1111; and Count 8, Assault with Intent to Commit Murder of R.R.P., in violation of Title 18, United States Code, Section 113(a)(1). The Government then summarized the terms of the plea agreement, and Defendant stated in open court that she fully understood and agreed with the terms of the plea agreement and that there were no other agreements made between she and the Government.

The Court noted that because the plea agreement contains certain nonbinding recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court cannot accept or reject the plea agreement and recommendations contained therein until the Court has had an opportunity to receive and review a presentence report. The Court advised the parties that it is not bound by the stipulations contained in the plea agreement and will defer action on the stipulations until receiving and reviewing the presentence report.

The Court also informed Defendant Mays that, under the terms of the plea agreement, she is entering into a broad waiver of her right to appeal and Defendant affirmed her agreement to the waiver of her appellate rights.

The Court **ORDERED** the plea agreement filed.

The Court confirmed that Defendant Mays had received and reviewed with her attorneys the Information in this matter, which charges Defendant with seven Counts of Second Degree Murder, in violation of Title 18, United States Code, Section 1111, and one Count of Assault with Intent to Commit Murder, in violation of Title 18, United States Code, Section 113(a)(1).  Defendant waived reading of the Information in open court.  The Court then reviewed with Defendant Mays each of the eight Counts of the Information, including the elements of the crimes the United States would have to prove at trial beyond a reasonable doubt.  Defendant and her attorneys heard, understood, and did not disagree with the Government's factual basis proffer and summary of evidence, which is also set forth in the stipulation at Paragraph 5 of the plea agreement.  The Government's attorney recited the stipulation in its entirety and neither Defendant Mays, nor her attorneys offered an objection.  The Court found there to be a sufficient factual basis for the guilty plea.

The Court then reviewed the maximum sentence for Count 1 through Count 8 of the Information, to which Defendant Mays proposed to enter a plea of guilty. The Court also advised Defendant that, as part of the fine, she could be required to pay the costs of imprisonment, community confinement, or supervision. The Court informed Defendant of the mandatory special assessment fee applicable to this case, which is $800, and that restitution may be an issue in this case.

The Court informed Defendant that the Sentencing Guidelines are merely advisory; however, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that she had reviewed the various factors taken into consideration by the Sentencing Guidelines with her attorneys and that she understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report. The Court also noted that it was not bound by the recommendations or stipulations in the plea agreement and that if the sentence ultimately imposed was more severe than that expected, Defendant would not have the right to withdraw her plea of guilty.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty, including advising Defendant that if she is not a citizen of the United States, by pleading guilty to a felony charge she would be subject to

deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if he ever applied for it. Defendant stated that she understood.

The Court advised Defendant of her right to plead not guilty and maintain that plea during a trial before a jury of her peers. The Court also informed Defendant of the right to be represented by counsel during the trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that she understood all of these rights and understood that she would be giving up all of these rights by entering a plea of guilty. Defendant Mays and her counsel stated that Defendant understood all of the consequences of pleading guilty to Count 1 through Count 8 of the Information.

Defendant stated that the plea was not the result of any threat, coercion, or harassment and that the plea was not the result of any promise except those contained in the plea agreement. Defendant stated there was nothing she had asked her lawyers to do that was not done. Defendant further stated that her attorneys had adequately represented her in this matter and that neither she

nor her attorneys had found an adequate defense to the charges contained in Count 1 through Count 8 of the Information.

Defendant Mays then entered a plea of **GUILTY** to Count 1 through Count 8 of the Information and stated that she was in fact guilty of the crimes charged in Count 1 through Count 8 of the Information, that is, seven Counts of Second Degree Murder in violation of Title 18, United States Code, Section 1111, and one Count of Assault with Intent to Commit Murder in violation of Title 18, United States Code, Section 113(a)(1).

Based upon Defendant's statements, the proffer of evidence by the Government, and the stipulated facts agreed to by the parties, the Court finds that the plea is freely and voluntarily given, that Defendant is aware of the nature of the charges against her and the consequences of her plea, and that a factual basis exists for the tendered plea.  The Court accepted Defendant's plea of guilty and deferred accepting the terms of the plea agreement and adjudicating Defendant guilty of the crimes charged in Count 1 through Count 8 of the Information until sentencing.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and U.S.S.G. §6B1.1(c), acceptance of the proposed plea agreement, the stipulations and the nonbinding recommendations are deferred until the Court has reviewed the presentence report prepared in this matter.

The Court **DIRECTS** the United States Probation Office to begin its presentence investigation in this matter.

Counsel for Defendant requested that the Court schedule a status conference in this case approximately six months from the plea hearing to allow Defendant time to develop mitigation evidence for sentencing. The Government objected to the six-month period as an unreasonable delay in sentencing. For reasons appearing to the Court, and considering the complicated issues presented by this case and the need for a complete record at sentencing, Defendant's request for a status conference is **GRANTED** to the extent that the Court **SCHEDULES** a **STATUS CONFERENCE** for **October 30, 2020, at 1:00 p.m. at the Clarksburg, West Virginia point of holding court.**

Also pending with the Court is the Motion for Detention [Dkt. No. 17] filed by the Government pursuant to 18 U.S.C.A. § 3142(e) and (f). Defendant Mays and her attorneys waived a detention hearing and agreed to detention.

The Court **GRANTS** the Motion for Detention [Dkt. No. 17] and Defendant Reta Mays is **REMANDED** to the custody of the United States Marshals Service pending sentencing. The Court **ORDERS** that Defendant Mays be designated to the Northern Regional Jail facility for pre-trial custody.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record and all appropriate agencies.

**DATED:** July 28, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE