IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

v.                                                       Criminal Action No. 1:20-CR-27
                                                                          (KLEEH)

**RETA MAYS,**

                     Defendant.

**UNITED STATES' STATUS REPORT**

     Now comes the United States of America and William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas, Assistant United States Attorney for said District, and provide the follow status report regarding the parties' efforts to obtain the defendant's military mental health records.

     1.      On October 30, 2020, this Court held a status conference in the above-captioned criminal action. At the conference, defense counsel stated that its investigator had located a captain who had provided mental health treatment to the defendant in Iraq during the period of 2003, and that the captain believed mental health records would be maintained with the Global Expeditionary Medicine Program 332d Expeditionary Medical Group from Operation Enduring Freedom, which is associated with the U.S. Air Force. The association with the Air Force, despite the defendant being a member of the West Virginia Army National Guard, was due to the defendant being stationed for a time at an Air Force base. During the conference, the government offered to assist the defense in obtaining these records. The Court ordered that a status conference be held on November 18, 2020.

     2.      On November 18, 2020, this Court held the previously scheduled status conference. At the conference, the government informed the Court that it had confirmed that the defendant's

military medical records from the period of 2003 would be maintained in the Global Expeditionary Medical System ("GEMS"), but that the government had been unable to identify an individual to run the relevant query in GEMS.   The government also noted that the defendant's file for a VA disability claim she made in 2011 contains GEMS records from 2003, including an October 2003 record regarding a medical encounter for mental health.   The Court directed the government to continue its efforts to assist the defense in confirming that no other GEMS records exist and to file a written status report on or before December 4, 2020.

3. Following the November 18 status conference, the government discovered that GEMS records can be accessed online at the Theater Medical Data Store ("TMDS").   According to the TMDS website, a service member may register online for a TMDS account and access his or her military health records, including GEMS records, from the TMDS portal.

4. On November 19, 2020, the government made e-mail contact with the TMDS help desk to learn how to obtain records housed in TMDS and received a "ticket number."

5. On November 23, 2020, the government informed defense counsel about the TMDS portal and shared the link so that defense counsel could register for a TMDS account on behalf of the defendant to gain instant access to her military health records, including GEMS records.

6. On December 1, 2020, the government inquired of the defense if it had been successful in registering for access to the TMDS portal.   The defense advised that it had not yet been granted access to the TMDS portal but had provided the requested information to TMDS and was awaiting a response.

7. On December 1, 2020, having not received a response to its November 19 e-mail to the TMDS help desk, the government telephoned the Defense Health Agency, which operates TMDS.   A representative of the agency's Global Service Center advised that the November 19 request was in process.

8. On December 2, 2020, the government learned from a contact at the U.S. Army Medical Command Record Processing Center that some records for the defendant are housed in the Armed Forces Health Longitudinal Technology Application ("AHLTA") system. On the same date, the government provided defense counsel with the form, Form-180, that the contact said needed to be completed by the defendant or her representative to receive the records.

9. On December 2, 2020, the government telephoned the Defense Health Agency Global Service Center a second time. A representative advised that the November 2019 request was in process and had been given "Tier III" status, which is the highest level of urgency. However, the representative indicated that the system did not show that an individual at TMDS had been assigned the request. The government requested that someone from TMDS be assigned and call the undersigned the next day.

10. On December 3, 2020, the government received a completed Form-180 from defense counsel. On the same date, sent the Form-180 to the government's contact at the U.S. Army Medical Command Record Processing Center to obtain AHLTA records. On the same date, the Center provided the government with a 21-page pdf document, which contained a single encounter note from August 2003. However, the encounter was not related to mental health. On the same date, the government provided these records to defense counsel.

11. On December 3, 2020, the government received a response from a TMDS systems administrator regarding its November 19 request. The administrator stated that he was "working on getting authorization to extract patient information for your case." Upon request, the government provided the administrator with the same Form-180 as evidence of the defendant's consent to obtain the medical records. On the same date, the undersigned spoke on the telephone with the administrator. The administrator explained that the process was tedious and was not as simple as conducting a query based on the defendant's personal identifiers. Instead, the

administrator had to search manually through various electronic files. The administrator advised that he had found one record of an encounter in 2003; however, this was the same non-mental-health-related encounter in August 2003 that the government had already received from the U.S. Army Medical Command Record Processing Center. The administrator stated that there were a few additional files to search through for 2003 before he would move on to 2004. In this regard, it should be noted that, according to her military personnel records, the defendant was in the theater from February 3, 2003 to May 4, 2004 and that the VAMC Clarksburg medical file for the defendant has a first progress note in June 2004. The administrator agreed to telephone the undersigned the next day with an update.

       12.    On December 4, 2020, the undersigned received a telephone call from the TMDS administrator. The administrator stated that there is no 2003 GEMS archive folder on the Defense Health Agency server, while there is such a folder for 2004. However, he has completed his search of those 2004 records and did not find any for the defendant. Next, the administrator used the "Joint Legacy Viewer" as another avenue to search for 2003 and 2004 records for the defendant. Using the social security number of the defendant in this viewer did not result in any hits. During this call, the undersigned learned the following about the TMDS portal. The portal only contains records if records have been found in archives and placed in the portal. The portal did not have any records for the defendant until the administrator located the record of the August 2003 encounter. Finally, the administrator indicated that GEMS is not an active system that can simply be queried.

       13.    The paradox remains that in 2011 the West Virginia Army National Guard provided 2003-era GEMS records to the VA regarding the defendant's disability claim, which records TMDS do not possess. In addition, those GEMS records in the VA disability file appear to indicate that there were other mental health encounters in 2003 for which there should be a GEMS

record.    Accordingly, the government is currently attempting to contact the West Virginia Army National Guard to learn how it was able to obtain those GEMS records in 2011 and to confirm that the records it provided to the VA were all that it could obtain.    In this regard, on the late afternoon of December 4, 2020, the government made contact with the deputy staff judge advocate for the West Virginia Army National Guard and e-mailed him the Form 180 release for the defendant's medical file, and posed the questions about its access to GEMS records.    As of this writing, the government awaits a response from the deputy staff judge advocate.    The government expects to have a response early next week.

14.    The government would note that TMDS has emphasized that it can only produce records that were provided to it from other databases, and that the GEMS database no longer exists to be separately queried.    Accordingly, the government anticipates the inevitable conclusion that additional theater-era GEMS records for the defendant cannot be located.    However, the government would re-emphasize that the defendant is in possession of an October 2003 mental health record and her entire health record from VAMC Clarksburg for the period of June 2004 until her incarceration, which includes mental health records within weeks of her offenses.

15.    Unless directed otherwise, the government will provide the Court with a written update on or before December 11, 2020 regarding any additional information or records the West Virginia Army National Guard may be able to provide.

                                                                          Respectfully submitted,

                                                                          WILLIAM J. POWELL
                                                                          UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
       Jarod J. Douglas
       Assistant U. S. Attorney

## **CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 4th day of December 2020, the foregoing UNITED STATES' STATUS REPORT was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David P. Hoose, Esq.
100 Main Street
Northampton, MA 01060
*Counsel for Defendant*

Jay T. McCamic, Esq.
80 12th Street
Wheeling, WV 26003
*Counsel for Defendant*

Brian J. Kornbrath, Esq.
Federal Public Defender
230 West Pike Street
Clarksburg, WV 26301

        WILLIAM J. POWELL
        UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
      Jarod J. Douglas
      Assistant United State Attorney