**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**UNITED STATES OF AMERICA,**

v.                                                                                  **Criminal Action No. 1:20-CR-27
(KLEEH)**

**RETA MAYS,**

        Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING**

Now comes the United States of America and William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas, Assistant United States Attorney for said District, and opposes the defendant's motion to continue her February 18-19, 2021 sentencing hearing to May 20-21, 2021 [Doc. 64].

### I.    BACKGROUND

On July 14, 2020, the defendant appeared in person before this Court, with three defense counsel also appearing in person, and entered seven guilty pleas to second degree murder and one guilty plea to assault with intent to commit murder [Doc. 24]. At this plea hearing, defense counsel proposed that the Court schedule a status conference in six months at which the Court could decide when to schedule the defendant's sentencing hearing. Defense counsel stated that this would allow them to prepare a mitigation case as it relates to the defendant's mental health. The government opposed the defendant's request. This Court agreed that six months was too long and, instead, scheduled a status conference for October 30, 2020.

On July 31, 2020, the government made a sentencing-based discovery disclosure to defense counsel. Among other records, this disclosure contained records regarding the defendant's VA

disability claim in 2011, which was based on mental health. The VA disability claim file contains a mental health record from October 2003 during the defendant's deployment.

In August 2020, upon learning that the defense was having issues obtaining the defendant's VA medical file, the government obtained the file within days and provided it to the defense at the beginning of September. The defendant's VA medical file contains several mental health records, including a note within weeks of her offense conduct.

At the beginning of September 2020, the government provided its version of the offense and discovery materials to the U.S. Probation Office and followed that up later in September with a restitution summary and records in support of that summary. This enabled the Probation Office to disclose its Presentence Investigation Report ("PSR") to the parties in mid-October.

On October 28, 2020, the government conducted the debrief interview of the defendant pursuant to the parties' plea agreement.

On October 30, 2020, the defendant appeared in person before this Court, with three defense counsel also appearing in person, for the status conference [Doc. 59]. The government requested that a sentencing hearing be scheduled for January 2021, while the defense asked for a sentencing hearing in March 2021. After hearing argument from counsel, this Court determined it was appropriate and reasonable to schedule the sentencing hearing for February 18-19, 2021.

At the October 30 conference, defense counsel stated that its investigator had located a captain who had provided mental health treatment to the defendant in Iraq during the period of 2003, and that the captain believed mental health records would be maintained with the Global Expeditionary Medicine Program 332d Expeditionary Medical Group from Operation Enduring Freedom, which is associated with the U.S. Air Force. The association with the Air Force, despite the defendant being a member of the West Virginia Army National Guard, was due to the defendant being stationed for a time at an Air Force base. During the conference, the government

2

offered to assist the defense in obtaining these records. The Court ordered that a status conference be held on November 18, 2020.

On November 18, 2020, the defendant filed a counseled objection to the PSR.

On November 18, 2020, this Court held the previously scheduled status conference via Zoom [Doc. 61]. At the conference, the government informed the Court that it had confirmed that the defendant's military medical records from the period of 2003 would be maintained in the Global Expeditionary Medical System ("GEMS"), but that the government had been unable to identify an individual to run the relevant query in GEMS. The government also noted that the defendant's file for a VA disability claim she made in 2011 contains GEMS records from 2003, including an October 2003 record regarding a medical encounter for mental health. The Court directed the government to continue its efforts to assist the defense in confirming that no other GEMS records exist and to file a written status report on or before December 4, 2020.

Between November 18 and December 10, 2020, the government exhausted its efforts to locate additional mental health records for the defendant without success, as described in detail in the two status reports the government filed on December 4 [Doc. 62] and December 10 [Doc. 63]. In the December 10 status report, the government noted that defense counsel had indicated their intent to address the mental health issue for sentencing mitigation purposes through only a written report prepared by an expert. Accordingly, the government proposed that the Court order the parties to disclose any opening expert reports on or before January 22, 2021, to disclose any responsive expert reports on or before February 5, 2021, and to file sentencing memoranda on or before February 12, 2021. In this regard, the government informed the Court that not only had defense counsel said that they could not agree to this schedule, they stated their intent to file a motion to continue the sentencing hearing.

As of December 14, 2020, the government has identified a mental health expert, who has completed his review of the defendant's medical records and is prepared to write a report. In addition, the government has gathered several victim impact statements for the Court's review.

On December 15, 2020, the defendant filed the instant motion, requesting a three-month continuance of the sentencing hearing to May 20-21, 2021 [Doc. 64].

## II.     APPLICABLE STANDARD

There are two sources of legal authority, which govern the timing of a federal sentencing hearing, namely: (1) the Federal Rules of Criminal Procedure, and (2) the United States Code.

Federal Rule of Criminal Procedure 32(b)(1) requires a court to "impose sentence without **unnecessary** delay." (Emphasis added). Pursuant to the Crime Victims' Rights Act, specifically 18 U.S.C. § 3771(a)(7), crime victims have "the right to proceedings free from **unreasonable** delay." (Emphasis added).

## III.     ARGUMENT

The government is keenly aware of the tragic consequences that contraction of COVID-19 can cause and the real risks of contraction that currently exist in our communities. However, a party citing COVID-19 risks as a basis for a continuance of judicial proceedings must, the government argues, offer a sufficiently tailored rationale for how those risks hamper the party's remaining casework and why those risks cannot be mitigated by safety precautions or avoided through alternative communication methods. Such a rationale is necessary for this Court to determine whether the delay the party requests is necessary and reasonable. Here, as explained below, the defendant has failed to offer an adequate rationale to warrant a delay that can be considered necessary and reasonable.

### A. Defense Mitigation Case – Mental Health Aspect

First, the defendant has failed to explain how COVID-19 affects the mental health aspect of her mitigation case. As previously stated, defense counsel have repeatedly represented to the government, and now explicitly in the instant motion, that they intend to address the mental health issue for sentencing mitigation purposes through only a written report prepared by an expert. What is more, defense counsel have told the government that they do not intend for their mental health expert to examine the defendant. Instead, defense counsel has stated an intent for their mental health expert to simply conduct a record review and draft a report. In other words, the mental health aspect of the defendant's mitigation case requires no in-person human interaction. Exactly as the government has done, the defense can send electronic copies of the records to its expert, discuss the expert's impressions on the telephone, and ultimately work with the expert to obtain and disclose a written report.

Instead, the defense states that its mental health expert cannot "begin work until after Christmas" and argues, without elaboration, that three weeks to review the defendant's medical records and draft a report is "unreasonable" and would be "rushed." ([Doc. 64] at 7). In fact, the government's expert, a busy and highly regard consultant, was able to complete a review of the records and is prepared to draft a report on the same timeline.

Accordingly, the defendant has failed to offer a sufficient reason for why she cannot disclose an expert report by the January 22, 2021 date proposed by the government, especially when she has had her VA disability claim records since the end of July 2020 and she has had her complete VA medical file since the beginning of September 2020.

## B. Defense Mitigation Case – Non-Mental Health Aspect

Second, the defendant has failed to explain why sufficient precautions cannot be taken, or alternative communication methods cannot be used, to prepare the non-mental health aspects of her mitigation case. As an initial matter, the government notes that defense counsel could have met in person with prospective mitigation witnesses in August, September, or October prior to the increase in COVID-19 infection rates. In fact, the undersigned traveled to the Clarksburg area twice in September to obtain video impact statements from relatives of victims who are in extremely poor health. The undersigned socially distanced and wore a mask. Defense counsel's purported need for in-person meetings, having not conducted these meetings for several months, should not prevail. The same communication and preparation can be accomplished via telephone, e-mail, or virtual platforms like Zoom.

On this latter point, defense counsel states only that "there are some things that cannot [be done virtually] however and talking to friends and family members about the intimate details of their lives with the defendant is one of them." ([Doc. 64] at 5, fn 6). The government asks this Court to reject defense counsel's unsupported claim that mitigation witnesses *per se* cannot be developed and prepared without meeting in person. In fact, judicial proceedings have continued throughout the country and our District in the face of the pandemic. The severe penalty the defendant faces, because of the heinousness of her crimes, should not afford her more rights than the other defendants appearing before this Court.

Accordingly, the defendant has failed to offer a sufficient reason for why she cannot prepare the non-mental health aspects of her mitigation case by the February 12, 2021 date the government has proposed for filing of sentencing memoranda or by the February 18-19, 2021

sentencing dates set by this Court.[1]

### C. Victim Families Object to a Continuance

Finally, on behalf of the victims' surviving family members, who have a statutory right to a reasonably prompt conclusion of these judicial proceedings, the government adamantly opposes any delay of the current sentencing dates. The government argues that a three-month delay to a sentencing hearing that is currently two months away violates the victims' statutory right to proceedings "free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Considering the defendant's inhumane crimes, the government is not surprised that the defendant shows no consideration for the rights of the victims. Therefore, as the Court has previously noted, this Court must strike a proper balance between the defendant's rights and the victims' rights. Based on the procedural history of this case, granting the requested continuance would fall woefully short in this regard. As such, this Court should reject the defendant's request.

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's motion for a continuance of the sentencing hearing. In addition, the United States requests that this Court adopt the dates it proposed for disclosures and filings leading up to the current sentencing dates. In any event, the United States requests that this Court set dates for those disclosures and filings when it rules on the instant motion.

---

[1] Defense counsel states that it is unwilling to risk COVID-19 exposure to meet with the defendant at the Northern Regional Jail, which has an active case percentage of approximately 40%. First, the government notes that telephonic meetings are available. It would not be unreasonable to find that telephonic meetings suffice until the infections there subside, considering the several in-person meetings that counsel has had with the defendant before and after her detention. Second, the government is willing to explore with the U.S. Marshals Service ("USMS") moving the defendant to the Central Regional Jail ("CRJ"), which the USMS has stated would be most convenient for transporting her to the sentencing hearing. The government notes that the active case percentage at the CRJ is approximately 3%. See WV DHHR Website, https://dhhr.wv.gov/COVID-19/Pages/Correctional-Facilities.aspx, Dec. 15, 2020.

        Respectfully submitted,

        WILLIAM J. POWELL
        UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
       Jarod J. Douglas
       Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 15th day of December 2020, the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David P. Hoose, Esq.
100 Main Street
Northampton, MA 01060
*Counsel for Defendant*

Jay T. McCamic, Esq.
80 12th Street
Wheeling, WV 26003
*Counsel for Defendant*

Brian J. Kornbrath, Esq.
Federal Public Defender
230 West Pike Street
Clarksburg, WV 26301

        WILLIAM J. POWELL
        UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
       Jarod J. Douglas
       Assistant United State Attorney